## CONDITIONAL DEDICATION OF LAND FOR PUBLIC STREETS.

Court of Appeals for Lucas County.

CARRIE E. VROOMAN ET AL V. CITY OF TOLEDO ET AL.[*]

Decided, June 7, 1915.

*Municipal Corporations—Dedication of Land for a Street a Matter of Good Faith Immaterial Whether it is Treated as a Grant or a Sale—Conditions Upon Which a Dedication is Made Will be Upheld, When.*

1. A dedication of land for streets may impose any conditions not inconsistent with public policy and which do not take the dedicated property from the control of the public authorities.
2. Dedication rests upon good faith, and in so far as good faith requires the parties to comply with the contract and is not inconsistent with a sound public policy, the conditions contained in a dedication will be sustained.

*Kohn, Northup, Ritter & McMahon,* for plaintiffs.

*W. S. Thurstin, Jr.,* City Solicitor, and *T. L. Gifford,* Assistant City Solicitor, contra.

CHITTENDEN, J.

Appeal from the court of common pleas.

This action was begun to enjoin the city from collecting from the plaintiffs the cost of construction of certain sidewalks. The case was recently before this court on a demurrer to the petition, *ante.* In overruling the demurrer the court expressed its views upon the subject-matter sufficiently at length.

Since the former hearing an answer has been filed and evidence taken and the case is now submitted upon the evidence. We find nothing in the evidence that materially changes the situation as presented by the allegations set forth in the petition.

It is claimed that the deeds from the plaintiffs to the defendant, the City of Toledo, introduced in evidence, disclose that the transaction between the plaintiffs and the city was not that of sale and purchase, but was that of a dedication by the plaint-

*Motion to require the Court of Appeals to certify its record in this case overruled October 5, 1915.

iffs of certain land to the city for street purposes. It is not very material whether the transaction be treated as a dedication, or a sale, and it would avail little to enter into any distinctions, between grant and dedication. In our opinion the evidence does not disclose that the conveyance amounted merely to a dedication. If, however, it be assumed that such is the character of the conveyance, the law is entirely settled that such dedication may impose any conditions not inconsistent with public policy, or which do not take the property dedicated from the control of the public authorities. It appears to the court to be entirely clear that the plaintiffs did not intend to make a gift to the city of the land in question, but that they were to receive, as a consideration therefor, the construction of a boulevard, with its driveways and walks, as set forth in the deed.

We hold, as stated in the former opinion, that in so far as the deed undertook to exempt the adjoining property from assessments for the future maintenance of the boulevard, the conditions are void as against public policy, but in so far as it provides against assessments for the original construction of the boulevard, it is not invalid.

It has been frequently stated that the doctrine of dedication rests upon good faith, and, in so far as good faith requires the parties to comply with the contract and it is not inconsistent with a settled public policy, the conditions contained in a dedication will be sustained. These principles have been so frequently set forth in decisions and in the text-books that authorities will not be cited here. This conclusion is not in conflict with the decision of the Supreme Court in *Richards et al* v. *Cincinnati,* 31 O. S., 506, in which case there was a plain dedication of land for streets, in which dedicaion it was sought by a condition to interfere with the legal provisions as to the improvement of the streets, by providing that the lots should be exempt from charges for the improvement of streets unless a majority of the abutting owners should assent thereto in writing.

Nothing more need be added here in view of the announcement of the court in its former opinion. A decree may be drawn in favor of the plaintiffs in accordance with this opinion.

KINKADE, J., and RICHARDS, J., concur.